1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | SAMUEL K. PORTER,                          Civil No.   11cv1979-JLS (WVG)

12 |                                Petitioner,

13 |                v.                          **ORDER GRANTING APPLICATION
14 | LELAND McEWEN, Warden,                     TO PROCEED IN FORMA PAUPERIS
   |                                            AND DISMISSING PETITION
15 |                               Respondent.   WITHOUT PREJUDICE**

16          Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of

17 Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18 pauperis.

19          Petitioner has no funds on account at the California correctional institution in which he

20 is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**

21 Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the

22 above-referenced action as a poor person without being required to prepay fees or costs and

23 without being required to post security.

24          The Petition is subject to dismissal, however, because Petitioner has not stated a claim

25 cognizable on federal habeas, and has not alleged exhaustion of state court remedies.

26          **<u>FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES</u>**

27          Habeas petitioners who wish to challenge either their state court conviction or the length

28 of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

1  § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

2  remedies, a California state prisoner must present the California Supreme Court with a fair

3  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

4  U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

5  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights

6  have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:

7  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

8  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>

9  <u>United States Constitution</u>."  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas

10  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

11  <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only

12  in federal court, but in state court."  <u>Id.</u> at 366 (emphasis added).

13      Petitioner indicates that he has not raised his claim in the California Supreme Court. (Pet.

14  at 6.)  The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright</u>

15  <u>v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

16              **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

17      Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

18  has failed to allege that his state court conviction or sentence violates the Constitution of the

19  United States.

20      Title 28, United States Code, § 2254(a), sets forth the following scope of review for

21  federal habeas corpus claims:

22          The Supreme Court, a Justice thereof, a circuit judge, or a district
           court shall entertain an application for a writ of habeas corpus in
23          behalf of a person in custody pursuant to the judgment of a State
           court only on the ground that he is in custody in <u>violation of the</u>
24          <u>Constitution or laws or treaties of the United States.</u>

25  28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

26  1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

27  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

28  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States."  <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner contends that the prison administration has interfered with his right to file an inmate grievance regarding medical care.  (Pet. at 6; Attachment to IFP Motion.)  In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Petitioner's allegation of interference with his ability to pursue inmate grievances does not state a federal claim.  <u>See</u> <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure").  To the extent Petitioner is contending that he is not receiving proper medical care, his claim is properly brought in a civil rights action, not in a habeas petition.

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973).  When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus.  <u>Id.</u> at 500.  On the other hand, a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, including denial of access to necessary medical care, but not to the fact or length of his custody.  <u>Preiser</u>, 411 U.S. at 499; <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not entitled to federal habeas relief because he has not alleged exhaustion of state court remedies, and has not stated a claim cognizable on federal habeas.

1

**CONCLUSION**

2    Based on the foregoing, the Court **GRANTS** Petitioner's Motion to proceed in forma

3 pauperis. The Petition is **DISMISSED** because Petitioner has failed to allege exhaustion of state

4 court remedies and has failed to state a claim cognizable on federal habeas. Because Petitioner

5 is attempting to challenge the conditions of his confinement rather than the fact of his

6 incarceration, the dismissal is without leave to amend but without prejudice to Petitioner to

7 present his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, which will be given

8 a new civil case number. The Clerk of Court shall send Petitioner a blank Southern District of

9 California 42 U.S.C. § 1983 Civil Rights Complaint form along with a copy of this Order.

10    **IT IS SO ORDERED.**

11

12 DATED: September 22, 2011

13                                  _Janis L. Sammartino_
                                   Honorable Janis L. Sammartino
14                                 United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28