# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL K. PORTER,<br><br>         Petitioner,<br><br>  v.<br><br>LELAND McEWEN, Warden,<br><br>         Respondent. | Civil No. 11cv1979-JLS (WVG)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

  Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

  The Petition is subject to dismissal, however, because Petitioner has not stated a claim cognizable on federal habeas, and has not alleged exhaustion of state court remedies.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

  Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366 (emphasis added).

Petitioner indicates that he has not raised his claim in the California Supreme Court. (Pet. at 6.) The burden of proving that a claim has been exhausted lies with the petitioner. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner contends that the prison administration has interfered with his right to file an inmate grievance regarding medical care. (Pet. at 6; Attachment to IFP Motion.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner's allegation of interference with his ability to pursue inmate grievances does not state a federal claim. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"). To the extent Petitioner is contending that he is not receiving proper medical care, his claim is properly brought in a civil rights action, not in a habeas petition.

Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, including denial of access to necessary medical care, but not to the fact or length of his custody. Preiser, 411 U.S. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not entitled to federal habeas relief because he has not alleged exhaustion of state court remedies, and has not stated a claim cognizable on federal habeas.

## **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's Motion to proceed in forma pauperis. The Petition is **DISMISSED** because Petitioner has failed to allege exhaustion of state court remedies and has failed to state a claim cognizable on federal habeas. Because Petitioner is attempting to challenge the conditions of his confinement rather than the fact of his incarceration, the dismissal is without leave to amend but without prejudice to Petitioner to present his claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, which will be given a new civil case number. The Clerk of Court shall send Petitioner a blank Southern District of California 42 U.S.C. § 1983 Civil Rights Complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: September 22, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge